IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| PATRICIA A. BAILEY-MCKENZIE | * | Case No. 18-10424 |
| | * | Chapter 13 |
| 4760 LUFKIN | * | |
| BEAUMONT, TX 77703 | * | |
| xxx-xx-4706/xxx-xx-0000 | * | |
| | * | |

Debtor(s)

## TRUSTEE'S OBJECTION TO CLAIM 21-1
## FILED BY DEBTOR ON BEHALF OF Progressive Leasing Court Claim

TO THE HONORABLE JUDGE OF THIS COURT:

Carey Ebert as the Chapter 13 Trustee in the above-referenced case (the "Trustee" herein) files his Objection to the Claim as filed by Debtor on behalf of **Progressive Leasing Court Claim 21-1** (the "Claimant" herein) pursuant to Fed. R. Bankr. P. 3007(d) and LBR 3007.

### 30-DAY NEGATIVE NOTICE LBR 3007(b):

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the Court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**

**No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the Chapter 13 Trustee *WITHIN THIRTY (30) DAYS FROM DATE OF SERVICE* listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the Court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter**.

1.	The Trustee objects to the Claimant's Claim **11-1** for one or more of the following reasons:

____.	**The Claimant's Claim 11-1 was not timely filed**.  The Trustee requests the Court to take judicial notice of the Claimant's Claim **11-1**; the date it was filed; the claim's bar date as established in this case; and the Court's Docket Report to confirm that no Court Order has been entered in this case allowing for the filing of this late filed claim to allow the Court to confirm that this Claim was in fact filed after the claim's bar date without proper authorization from this Court.

__x__.	**The Claimant's Claim 21-1 is a duplicate of Court Claim 11-1.**  The Trustee requests the Court to take judicial notice of the Claimant's Claim **11-1** and **21-1** to allow the Court to confirm that such Claims are in fact duplicate claims.

____.	**The Claimant's Claim 11-1 was filed in the wrong case.**  The Trustee requests the Court to take judicial notice of the Claimant's Claim **11-1** and, in particular the debtor's[1] name and case number as set forth in said Claim to confirm that such is different from Debtor's[2] name and case number as contained in the above referenced case to allow the Court to confirm that the Claim was filed in the wrong bankruptcy case.

____	**The Claim 11-1 was improperly filed by debtor on behalf of said Claimant either <u>too early</u> prior to the start of or <u>too late</u> after the expiration of the 30 day period as established by Bankruptcy Rule 3004 for filing such a claim.**  The Trustee requests the Court to take judicial notice of the Claimant's Claim **11-1** as filed by the debtor; the 30 day period for the debtor to file a claim on behalf of a Claimant as established in this case pursuant to Bankruptcy Rule 3004; the date said Claim was filed and that said Claim was filed either before or after this 30 day period; and the Court's Docket Report to confirm that no Court Order has been entered in this case authorizing the debtor to file Claim **11-1** outside this 30 day time period.

A true and correct copy of Claim **21-1** (without exhibits) is attached hereto as Trustee's Exhibit "1".

2.	In that there are no factual issues, no affidavit is necessary and the Trustee requests the Claim **21-1** be disallowed in its entirety as a matter of law.

---

[1] The use of the singular term "debtor" in this Objection to Claim includes both debtors when the case referenced in this Proof of Claim has been initiated by the filing of a joint petition by spouses.

[2] The use of the singular term "Debtor" in this Objection to Claim includes both Debtors when this case has been initiated by the filing of a joint petition by spouses.

WHEREFORE, Carey Ebert, Chapter 13 Trustee, respectfully prays for the entry of an order sustaining his objection to the foregoing proof of claim and for such other and further relief to which she may be entitled.

Respectfully submitted,

/s/ Carey Ebert
Carey Ebert, Chapter 13 Trustee (SBN 05332500)
110 N. College, Suite 1200
Tyler, TX  75702
(903) 593-7777; FAX (903) 597-1313

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing was served on the following parties on 1/17/19:

**Debtors' Attorney:**
ROBERT W BARRON
BARRON & BARRON LLP
P O BOX 1347
NEDERLAND, TX 77627

**Debtors:**
PATRICIA A. BAILEY-MCKENZIE
4760 LUFKIN
BEAUMONT, TX 77703

**All additional parties requesting notice in this case**

Linebarger et al
1148 Park Street
Beaumont, TX  77701-3614
**To the name and address for notices as listed in the Claim 11-1:**

Progressive Leasing
256 W Data Drive
Draper, UT  84020

(____) Check if applicable:  **If the Objection pertains to a proof of claim as filed by the Federal Government, notice also given to the following named parties**:

    Attorney General of the US
    U.S. Dept. of Justice
    10th and Constitution
    N.W. Room 5111
    Washington, D.C.  20530

    --and--

U.S. Attorney as checked below:

( )  Tyler and Marshal Cases:    U.S. Attorney
                                       110 North College, Suite 700
                                       Tyler, TX  75702

                                        Ms. Ruth Yeager
                                        Assistant U.S. Attorney
                                        110 North College, Suite 700
                                        Tyler, TX  75702

( )  Lufkin and Beaumont Cases:    US Attorney
                                        Eastern District of Texas
                                        350 Magnolia Ave., Suite 150
                                        Beaumont, TX  77701

                                        Mr. Michael W. Lockhart
                                        Assistant US Attorney
                                        Eastern District of Texas
                                        350 Magnolia Ave., Suite 150
                                        Beaumont, TX  77701

                          Carey Ebert, Chapter 13 Trustee


                          /s/ Carey Ebert
                          Carey Ebert, SBN 05332500
                          110 N. College Ave., Suite 1200
                          Tyler, TX  75702
                          (903) 593-7777; FAX (903) 597-1313